W. Gregory Lockwood, WSBA #52232
Gordon & Rees, LLP
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Phone: (503) 382-3855
Fax: (503) 616-3600
wglockwood@grsm.com
*Attorneys for Defendant Life Flight Network*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN KRILL,<br><br>           Plaintiff,<br><br>    v.<br><br>LIFE FLIGHT NETWORK LLC and JOHN DOE EMPLOYEES I – V of LIFE FLIGHT NETWORK, LLC<br><br>           Defendants, | Case No. 2:22-cv-00057<br><br>**NOTICE OF REMOVAL** |

Defendant Life Flight Network, LLC ("Life Flight") hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) to the United States District Court for the Eastern District of Washington. As grounds for removal, Life Flight states as follows:

**BASIS FOR REMOVAL**

Plaintiff commenced the above-captioned matter in Spokane County Superior Court, Washington by filing his Complaint for Personal Injuries in Tort (the "Complaint") on March 10, 2022. See Summons and Complaint, attached as Ex. 1. Life Flight was served with a copy of the

NOTICE OF REMOVAL– Page 1
(Case No. 2:22-cv-00057)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR 97204
Telephone: (503) 222-1075
Facsimile: (503) 616-3600

Complaint on March 14, 2022. See Service Transmittal Form, attached as Ex. 2. This Notice of Removal is timely because Defendant is filing it within 30 days from the date of service. See 28 U.S.C. § 1446(b). This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity and, based on the undersigned's reasonable belief, the amount in controversy is greater than $75,000.00. See Declaration of W. Greg Lockwood in Support of the Notice of Removal at ¶¶ 2-5 ("Decl. Lockwood").

### A.    Diversity of Citizenship

The Complaint states that Plaintiff *was* a resident of Spokane "at all times relevant and material to this Complaint." Complaint, Ex. 1 at ¶ 2.1. The Complaint does not disclose Plaintiff's current state of residence or of which state he is a citizen. Based on information and belief, in particular information received in a public records search, Mr. Krill is a citizen of the state of Wyoming. Decl. Lockwood at ¶ 2.

Defendant Life Flight a Limited Liability Company organized under the laws of the State of Oregon with its principal place of business located at 22285 Yellow Gate Lane NE, Suite 102, Aurora, Oregon 97002. See Corp. Disclosure Statement.

Plaintiff named several unknown or John Doe employees of Life Flight as defendants to his Complaint. For the purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1411(b)(1).

Based on the foregoing, for the purposes of removal jurisdiction, Plaintiff is a citizen of Wyoming. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Life Flight is not. 28 U.S.C. § 1332(c)(1). Therefore, the parties are completely diverse.

///

NOTICE OF REMOVAL– Page 2
(Case No. 2:22-cv-00057)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

**B. Amount in Controversy**

Plaintiff seeks damages arising out of his alleged personal injury, which occurred when he received an electrical shock on August 5, 2019. Plaintiff did not include a specific amount-in-controversy among his allegations. See Complaint, Ex. 1 ¶ 7.1-7.4. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014); see also, Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197–98 (9th Cir. 2015). Evidentiary submissions are not required with a notice of removal. Arias v. Residence Inn by Marriott, 936 F.3d 920, 922 (9th Cir. 2019). Rather, the removing party may rely on "a chain of reasoning that includes assumptions." Ibara, 775 F.3d at 1199. "An assumption may be reasonable if it is founded on the allegations of the complaint." Arias, 936 F.3d at 925. The amount-in-controversy alleged by a removing defendant "reflects the *maximum* recovery the plaintiff could reasonably recover" and "the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite amount." Id. at 927 (quotations omitted, emphasis in original).

According to the Complaint, Plaintiff worked as a fire chief for Spokane County Fire District 10. Complaint, Ex. 1 ¶ 3.3. On August 5, 2019, was part of a team administering life saving measures to an unconscious person. Id. Plaintiff alleges that he received a shock when a Life Flight crew member activated the defibrillator while Plaintiff was still touching the patient. Id. at ¶ 3.7. The Complaint does not allege specific amount of damages sought; however, it does allege that Plaintiff suffered damages for "permanent and debilitating injuries," past and future medical expenses, "out of pocket expenses and other special damages," "past and future wage

NOTICE OF REMOVAL– Page 3
(Case No. 2:22-cv-00057)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

loss and loss of future earning capacity," "severe physical and mental pain," "loss of capacity and ability to enjoy life," and attorney's fees. Id. at ¶¶ 7.1 – 7.4.

Based on these allegations, Plaintiff could reasonably recover damages in excess of the diversity threshold based any one of the several categories of damages he claims. Past and future medical expense alone could account for more than $75,000.00 in claimed damages. Decl. Lockwood at ¶¶ 3-4. Plaintiff alleges he worked as a Fire Chief at the time of the injuries. Complaint, Ex. 1 at ¶ 3.3. According to a recent positing for that position, the annual salary exceeds $200,000 for that position. See Western Fire Chiefs Association, Spokane Valley Fire Department – Fire Chief Position, available at: https://recruitment.wfca.com/closed-recruitments/spokane-valley-fire-department-fire-chief-position-2/ (last accessed Apr. 4, 2022). Plaintiff alleged lost wages and loss of future earning capacity could also eclipse the $75,000 threshold, based on Plaintiff's allegation that he held a senior position in the fire department and is no longer able to work at the same level. See Id.; see also Complaint, Ex. 1 at ¶ 3.3, 7.1(d). The Complaint does not provide details on Plaintiff's claimed injuries; however, it does refer to them as both permanent and debilitating. Complaint, Ex. 1 at ¶ 7.1(a). If, true, Plaintiff's maximum recover for pain, suffering and loss of capacity to enjoy life could easily exceed the diversity threshold. See Id. at ¶ 7.1(e)(f); Decl. Lockwood at ¶ 4. When aggregated together, Plaintiff has alleged damages in excess of $75,000.00. Thus, this case meets the amount in controversy requirement. Id. at ¶ 5.

**C. Jurisdiction and Venue**

As stated above, jurisdiction is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. §§ 128(b) and 1441(a) because Spokane

NOTICE OF REMOVAL– Page 4
(Case No. 2:22-cv-00057)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600

County Superior Court is located within this district. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy is being filed with the Clerk of Court for Spokane County, the county in which the state action is pending.

**D. Attachments**

All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). All such documents are fully incorporated by reference as if fully set forth herein.

## **CONCLUSION**

For all the foregoing reasons, Life Flight hereby removes this action from the Spokane County Superior Court to this Court.

Respectfully Submitted,

Dated: April 4, 2022.    GORDON REES SCULLY MANSUKHAN

By: */s/W. Gregory Lockwood*
W. Gregory Lockwood, WSBA No. 52232
wglockwood@grsm.com
*Attorneys for Defendant*

NOTICE OF REMOVAL– Page 5
(Case No. 2:22-cv-00057)

**GORDON REES SCULLY MANSUKHANI, LLP**
1300 SW Fifth Avenue, Suite 2000
Portland, OR  97204
Telephone:  (503) 222-1075
Facsimile :  (503) 616-3600