FILED
3/10/2022
Timothy W Fitzgerald
Spokane County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| JOHN "JACK" KRILL, an individual, ) | |
| ) | No.    22-2-00754-32 |
| Plaintiff, ) | |
| v. ) | |
| ) | SUMMONS |
| LIFE FLIGHT NETWORK, LLC, a foreign ) | |
| limited liability company doing business in ) | |
| the state of Washington; and JOHN DOE ) | |
| EMPLOYEES I – V of LIFE FLIGHT ) | |
| NETWORK, LLC. ) | |
| ) | |
| Defendants. ) | |

**TO:  Life Flight Network, LLC and John Doe Employees I-V of Life Flight Network, LLC:**

A lawsuit has been started against you in the above entitled court by [4], Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons

**SUMMONS - 1**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N WASHINGTON, THIRD FLOOR
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

within 20 days after the service of this Summons, excluding the day of service, if you are served within the State of Washington; 40 days if you are a foreign insurance company; or 60 days if you are served outside the State of Washington, or a default judgment may be entered against you without notice. A Default Judgment is one where Plaintiff is entitled to what he or she asks for because you have not responded. If you serve a Notice of Appearance on the undersigned person, you are entitled to notice before a Default Judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 10th day of March, 2022.

GLP ATTORNEYS, P.S. Inc.

_____ #57387
Sara Maleki, WSBA #42465
Attorney for Plaintiff

SUMMONS - 2

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N WASHINGTON, THIRD FLOOR
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

FILED
3/10/2022
Timothy W Fitzgerald
Spokane County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

JOHN "JACK" KRILL, an individual,

    Plaintiff,

v.

LIFE FLIGHT NETWORK, LLC, a foreign limited liability company doing business in the state of Washington; and JOHN DOE EMPLOYEES I – V of LIFE FLIGHT NETWORK, LLC.

    Defendants.

No. 22-2-00754-32

**COMPLAINT FOR PERSONAL INJURIES IN TORT**

Plaintiff John "Jack" Krill (hereinafter Jack Krill), an individual, by and through his attorney, Sara Maleki of GLP Attorneys, P.S., Inc., complains and alleges against the above-named Defendants as follows:

## I. PARTIES

1.1    Plaintiff Jack Krill was a resident of Spokane County, Washington at all times relevant and material to this Complaint.

**COMPLAINT FOR PERSONAL INJURIES IN TORT - 1**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

1.2     Defendant Life Flight Network, LLC ("Life Flight"), a foreign limited liability company, on information and belief, at all times relevant and material to this Complaint, is a limited liability company doing business in Spokane County, Washington. Defendant Life Flight, on information and belief, was the employer of Defendant John Doe Employees I – V, at all times relevant to this Complaint.

1.3     Upon information and belief, Defendants John Doe Employees I - V are residents of Spokane County, Washington, and are believed to have resided in Spokane, Spokane County, Washington, at all times relevant and material to this Complaint. Defendants John Doe Employees I - V, on information and belief, were agents and employees of Defendant Life Flight who were dispatched to the emergency scene on August 5, 2019, and were acting within the course and scope of their employment at all times relevant to the claims in this Complaint. These individuals will be added as named defendants to this action once their identities are disclosed by Life Flight in discovery.

## II. JURISDICTION AND VENUE

2.1     Plaintiff Jack Krill, at all times relevant and material to this Complaint, was a resident of Spokane County, Washington.

2.2     Defendant Life Flight, at all times relevant and material to this Complaint, and on information and belief, had its principal place of business in Aurora, Marion County, Oregon, and conducts business in Spokane, Spokane County, Washington. The Registered Agent for Defendant Life Flight, an Oregon limited liability company, is

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 2

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

National Registered Agents, Inc., located at 711 Capitol Way South, Suite 204, Olympia, WA 98501.

2.3     Defendants John Doe Employees I – V were, at all times relevant and material to this Complaint, and on information and belief, residents of Spokane County, Washington.

2.4     The incident giving rise to this Complaint occurred in Spokane County, WA.

2.5     Venue is proper in Spokane County, Washington, because at all times relevant and material to this Complaint, Defendant Life Flight conducted business in Spokane County, Washington, and Defendants John Doe Employees I – V are residents of Spokane County, Washington. Venue is proper pursuant to RCW 4.12.025(1) and (3).

### III. FACTS

3.1     Date: Plaintiff Jack Krill's injuries arise out of an electrical shock exposure which occurred on August 5, 2019.

3.2     Location: The incident occurred at the scene of an attempted resuscitation at a private residence in Medical Lake, Spokane County, Washington.

3.3     Details: On August 5, 2019, Plaintiff was working as the Fire Chief of Spokane County Fire District #10. Plaintiff and his crew were called as first responders to the home of an individual who became unconscious in his private pool. EMTs from American Medical Response (hereinafter AMR) also arrived to assist.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 3

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

3.4     Defendant Life Flight was contacted because medical evacuation might have been needed. While Life Flight was in transit, Plaintiff and his crew, working in tandem with EMTS from AMR, worked to resuscitate and perform "pit crew" style CPR on the unconscious individual.

3.5     Defendant John Doe Employees I – V of Life Flight arrived at the scene to assist with life saving measures. It is believed that these John Doe Employees were trained and employed by Life Flight as crew members who acted as first responders, emergency medical technicians, and who had training or understanding of how to operate an AED device in situations requiring the use of a defibrillator.

3.6     Suddenly and without warning, a John Doe Employee of Life Flight ran to the patient, inserted himself without warning or notice into the CPR pit crew team, and pressed the defibrillator button without checking that all crew were clear, activating a significant electrical charge.

3.7     Plaintiff Jack Krill was still in his CPR pit crew position and touching the patient at the time of the defibrillator shock, and therefore received a significant shock.

3.8     As a direct and proximate cause of the Defendants' negligent and careless conduct, Plaintiff suffered personal injuries, including, but not limited to: Numbness, pain, weakness, and tingling in his right upper extremity, forearm, and right hand, pain in his left upper extremity, and severe mental anguish including PTSD, depression, and anxiety.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 4

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

## IV. CAUSES OF ACTION

4.1  The Plaintiff re-adopts and re-alleges each and every material allegation set forth above.

4.2  <u>Respondeat Superior</u>: Defendant Life Flight is liable for the negligence of Defendants John Doe Employees I – V pursuant to agency law and the doctrine of respondeat superior.

4.3  <u>Within scope of employment</u>: Defendants John Doe Employees I - V were employees acting within their scope of employment at the time of the incident as emergency first responders, EMTs, and crew members of Life Flight. Defendant Life Flight is vicariously liable for the actions of its employees, particularly Defendants John Doe Employees I – V, who were at the scene of the emergency on August 5, 2019, and should have been properly trained or supervised in the proper use of an AED device.

4.4  <u>Negligence</u>: Defendant Life Flight through common law, statute, regulation and/or ordinance owed Plaintiff a duty to:

(a) Investigate, hire and retain qualified employees;
(b) Ensure that Defendants John Doe Employees I – V were trained appropriately in the safe and effective use of AED devices and appropriate and safe procedures regarding a CPR pit crew;
(c) Ensure that Defendants John Doe Employees I – V followed all relevant national and local safety regulations pertaining to the operation of AED devices; and
(d) Ensure that Defendants John Doe Employees I – V had enough responding crew members at the scene to properly supervise one another upon responding to the scene of the incident.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 5

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

4.5     <u>Breach</u>: Defendant Life Flight breached its duties as set forth in paragraph 4.4.

4.6     <u>Individual Negligence:</u> The John Doe Employees I – V of Life Flight owed Plaintiff a duty to:

(a) Operate the AED device with common sense;
(b) Verify that the CPR crew was "clear" before shocking with the defibrillator/AED;
(c) Operate the AED device with a reasonable amount of care;
(d) Operate the AED device with even slight diligence or slight care;
(e) Ensure that their co-workers or subordinates were following these standards of care; and
(f) Obey the laws and rules of the State of Washington as they apply to first responders, EMTs, and Life Flight crew members.

4.7     <u>Breach</u>: Defendants John Doe Employees I – V of Life Flight breached their duties as set forth in paragraph 5.5 and acted below the standard of care for EMTs, first responders, and Life Flight crew members.

4.8     <u>Gross Negligence:</u> Defendant Employees I – V of Life Flight acted negligently as set forth in paragraphs 5.3 through 5.5 and are guilty of gross negligence in that they failed to exercise even slight care when they failed to ensure that all CPR crew members were "clear" prior to activating the defibrillator/AED.

4.9     <u>Proximate Cause</u>: As a direct and proximate cause of Defendants' breach of duties as set forth in paragraph 4.5 and 4.7, Plaintiff has suffered personal injuries as outlined in paragraph 3.8.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 6

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

## V. AGENCY

5.1     The above-described acts of Defendants John Doe Employees I – V were committed while these employees were acting as agents, servants, and or employees of Defendant Life Flight.

5.2     The above-described acts of Defendants John Doe Employees I – V were committed within the scope of their agency and while furthering the business interests of Defendant Life Flight.

5.3     As the principal for Defendants John Doe Employees I – V, Defendant Life Flight is responsible for all of the acts committed by Defendants John Doe Employees I – V within the scope of their agency.

## VI. NO COMPARATIVE FAULT

6.1     Plaintiff was without negligence of any kind whatsoever, and did not contribute to his injuries or damages in any way.

## VII. DAMAGES

7.1     As a direct and proximate cause of Defendants' negligent, careless, and reckless acts, Plaintiff has suffered special and general damages, including, but not limited to the following:

    (a)     Permanent and debilitating injuries;

    (b)     Reasonable and necessary expenses, both past and future, for health care and treatment of his injuries in an amount to be proven at the time of trial;

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 7

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

(c) Out of pocket expenses and other special damages, in an amount to be proven at the time of trial;

(d) Past and future wage loss and loss of future earning capacity;

(e) Severe physical and mental pain, both past and future; and

(f) Loss of the capacity and ability to enjoy life, both past and future.

7.2 Plaintiff's injuries are ongoing and will continue to prevail for an indefinite period of time. Plaintiff specifically reserves his right to amend this Complaint at any time before trial in this matter.

7.3 Plaintiff is entitled to reasonable attorneys' fees.

7.4 Plaintiff is entitled to costs and disbursements herein.

## VIII. WAIVER OF PHYSICIAN/PATIENT PRIVILEGE

8.1 Plaintiff asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, Plaintiff hereby waives the physician/patient privilege.

8.2 The waiver is conditioned and limited as follows: (1) Plaintiff does not waive his constitutional right of privacy; (2) Plaintiff does not authorize contact with any of his health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendants' representatives are specifically instructed not to attempt ex parte contacts with Plaintiff's health care providers; and (4) Defendants' representatives are specifically instructed not to write letters to Plaintiff's health care providers telling them that they may mail copies of records to the Defendants.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 8

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459

In the case of *Loudon v. Mhyre*, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the plaintiffs' physicians:

> The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

*Id.* at 675-676, 756 P.2d at 139.

## IX. RELIEF SOUGHT

9.1     Special damages for Plaintiff in such amounts as are proven at trial;

9.2     General damages for Plaintiff in such amounts as are proven at trial;

9.3     Costs including reasonable attorneys' fees for Plaintiff as are proven at trial;

9.4     Prejudgment interest on all liquidated damages;

9.5     For such other and further relief as the court deems just, equitable and proper for Plaintiff at the time of trial.

DATED THIS 10th day of March, 2022.

GLP ATTORNEYS, P.S., INC.

_____ #57382
Sara Maleki, WSBA #42465
Attorney for Plaintiff

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 9

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
115 N. WASHINGTON STREET, FLOOR 3
SPOKANE, WA 99201
(509) 455-3636
FACSIMILE (509) 321-7459